**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Jolly Walls, | ) | |
| | ) | |
| Plaintiff, | ) | No. |
| | ) | |
| v. | ) | |
| | ) | JURY DEMANDED |
| Officers Zachary Pugh, Annabella Kozak, Ryan | ) | |
| Masciopinto, Christopher Parsons, Alex Kefaloukos | ) | |
| Village of Glendale Heights, and The City of | ) | |
| Elmhurst | ) | |
| Defendants. | | |

## COMPLAINT AT LAW

Plaintiff Jolly Walls, by counsel Zaid Abdallah of Abdallah Law, states for her Complaint at Law against OFFICERS Zachary Pugh, Christopher Parsons, Alex Kefaloukos, Ryan Masciopinto, Christoper Parsons, Village of Glendale Heights, and The City of Elmhurst as follows:

## JURISDICTION

1. This action arises under the United States Constitution, the Civil Rights Act of 1871 (42 U.S.C. § 1983). This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. 1343(a)(3), and 28 U.S.C. 1367.

2. Venue is proper in this District under 28 US.C. § 1391 because all Defendants reside in the District and also because all of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

3. On October 13th, 2023, Officer Zacahry Pugh was employed at all relevant times, by the Village of Glendale Heights Police Department of DuPage County, Illinois, Department of Law Enforcement, and was acting at all relevant times alleged herein under the color of law in the course of his employment as an Glendale Heights police officer.  He is being sued in his individual/personal capacity.

4. On October 13th, 2023, Officer Annabella Kozak was employed at all relevant times, by the Village of Glendale Heights Police Department of DuPage County, Illinois, Department of Law Enforcement, and was acting at all relevant times alleged herein under the color of law in the course of his employment as a Glendale Heights police officer. She is being sued in her individual/personal capacity.

5. On October 13th, 2023, Officer Ryan Masciopinto was employed at all relevant times by the Village of Glendale Heights Police Department of DuPage County, Illinois, Department of Law Enforcement, and acted at all relevant times alleged herein under the color of law in the course of his employment as a Glendale Heights police officer. He is being sued in his individual/personal capacity.

6. On October 13th, 2023, Officer Christopher Parsons was employed at all relevant times, by the Village of Glendale Heights Police Department of DuPage County, Illinois, Department of Law Enforcement. He was acting at all relevant times alleged herein under the color of law in the course of his employment as a Glendale Heights police officer.  He is being sued in his individual/personal capacity.

7. On October 13th, 2023, Officer Alex Kefaloukos was employed at all relevant times, by The City of Elmhurst Police Department of Cook County, Illinois, Department of Law

Enforcement. He was acting at all relevant times alleged herein under the color of law in the course of his employment as an Elmhurst police officer. He is being sued in his individual/personal capacity.

8. The Village of Glendale Heights of DuPage County, Illinois, was on October 13th, 2023, and is a local municipal corporation within DuPage County organized under the laws of the State of Illinois.

9. On October 13th, 2023, and at all relevant times, the Village of Glendale Heights maintained as a division of itself a police department known as the Department of Law Enforcement, which is and was the employer of the Defendants Officers Zachary Pugh, Annabella Kozak, Ryan Masciopinto, and Christopher Parsons.

10. The City of Elmhurst of Cook and DuPage County, Illinois, was on October 13th, 2023, and is a local municipal corporation within Cook and DuPage County organized under the laws of the State of Illinois.

11. On October 13th, 2023, and at all relevant times, the City of Elmhurst maintained as a division of itself a police department known as the Department of Law Enforcement, which was the employer of the Defendants Alex Kefaloukos.

12. On October 13th, 2023, and at all relevant times, Plaintiff Jolly Walls was a citizen of the United States and a resident of Cook County, Illinois.

## FACTS

13. On October 13th, 2023, Plaintiff was operating a semi-tractor trailer in Glendale Heights, Illinois, as a part of her employment.

14. On October 13th, 2023, Plaintiff lawfully operated said semi-tractor trailer in Glendale Heights, Illinois.

15. Defendant Officer Zachary Pugh stopped Plaintiff without probable cause or reasonable suspicion.

16. Defendant Officers Zachary Pugh, Anabella Kozak, and Ryan Masciopinto subjected Plaintiff to field sobriety tests without reasonable suspicion or probable cause.

17. Defendant Officer Zachary Pugh arrested Plaintiff without probable cause.

18. Defendant Officers Annabella Kozak and Ryan Masciopinto stood by and failed to intervene to stop Plaintiff's unlawful arrest.

19. Defendant Officer Christopher Parsons was the supervising officer and never intervened to stop Plaintiff's unlawful arrest.

20. Defendant Officer Zachary Pugh caused the Plaintiff's semi-tractor to be seized unlawfully absent probable cause.

21. Defendant Officer Ryan Masciopinto stood by as the Plaintiff's semi-tractor trailer was unlawfully seized absent probable cause.

22. Defendant Officer Alex Kefaloukos falsified a drug evaluation report to reflect that Plaintiff was under the influence of drugs.

23. Defendant Officer Alex Kefaloukos placed Plaintiff in a dark room and searched her nasal cavity without probable cause or reasonable suspicion.

24. Plaintiff gave a urine sample said sample was tested for illicit drugs. Said test came back positive for caffeine.

**COUNT I – 42 U.S.C. § 1983 – False Arrest and Detention –**
**(Zachary Pugh, Annabella Kozak, and Ryan Masciopinto)**

25. Plaintiff adopts and re-alleges paragraphs 1 through 24, above, as paragraphs 1 through 24 of Count I, as if fully set forth herein.

26. Plaintiff was improperly seized, arrested, and detained on or about October 13, 2023, by Defendant Officers.

27. Plaintiff was falsely arrested and unlawfully detained without justification and probable cause by Defendant Officers.

28. The actions of Defendant Officers in committing the acts described above and herein were willful, intentional, malicious, and/or done with reckless indifference and callous disregard for Plaintiff's rights, amounting to an abuse of power that shocks the conscience.

29. As a proximate result of the false arrest and unlawful detention inflicted by Defendants Plaintiff sustained injuries and losses, including emotional distress and psychological pain and suffering.

WHEREFORE, Plaintiff Jolly Walls respectfully prays that this Court enter judgment against Defendant Officers Zachary Pugh, Annabella Kozak, and Ryan Masciopinto, awarding compensatory damages, attorney's fees and costs, punitive damages, and any other relief that this Court deems just.

Plaintiff demands trial by jury.

**COUNT II – 42 U.S.C. § 1983 – Failure to Intervene**
**(Defendant Officers Christopher Parsons, Annabella Kozak, and Ryan Masciopinto)**

25. Plaintiff adopts and re-alleges paragraphs 1 through 24, above, as paragraphs 1 through 24 of Count II, as if fully set forth herein.

26. In the manner described above, during the constitutional violations described above in Count I, Defendant Officer Ryan Masciopinto and Annabella Kozak stood by without intervening to prevent the misconduct perpetrated by Officer Zachary Pugh and instead participated in it.

27. As a proximate result of the failure of Officers Christopher Parsons, Annabella Kozak, and Ryan Masciopinto to intervene to prevent the violation of Plaintiff's constitutional rights, Plaintiff suffered pain and injury, as well as emotional distress, when she was subject to the unconstitutional seizure of her person and search of her person.

28. Defendant Officers Christopher Parsons, Annabella Kozak, and Ryan Masciopinto had a reasonable opportunity to prevent the violation of Plaintiff's constitutional rights but failed to do so.

29. The misconduct described in this Count was objectively unreasonable and was undertaken with malice and willful indifference to Plaintiff's constitutional rights.

WHEREFORE, Plaintiff Jolly Walls respectfully prays that this Court enter judgment against Defendant Officers Christopher Parsons, Annabella Kozak, and Ryan Masciopinto awarding compensatory damages, attorney's fees and costs, punitive damages, and any other relief that this Court deems just.

Plaintiff demands trial by jury.

## COUNTY IV-42 USC-1983-False Imprisonment

### (Zachary Pugh, Annabella Kozak, and Ryan Masciopinto)

25. Plaintiff adopts and re-alleges paragraphs 1 through 24, above, as paragraphs 1 through 24 of Count IV, as if fully set forth herein.

26. Defendant Officers falsely imprisoned Plaintiff without probable cause.

27. Defendant Officers acted with malice.

28. Defendants Officers are liable for false imprisonment because it was proximately caused by their unlawful actions as set forth above.

29. Defendants' false imprisonment of Plaintiff lasted hours.

30. Plaintiff was aware of said false imprisonment.

31. Plaintiff did not consent to said imprisonment.

32. As a result of Defendant's wrongful acts in falsely imprisoning Plaintiff, Plaintiff suffered injuries and damages as set forth above.

WHEREFORE, Plaintiff Deborah Jolly Walls respectfully prays that this Court enter judgment against Defendant, Officers Zachary Pugh, Annabella Kozak, and Ryan Masciopinto, awarding compensatory damages, attorney's fees and costs, punitive damages, and any other relief that this Court deems just.

Plaintiff demands trial by jury.

## COUNT V-42.U.S.C. 1983- VIOLATION OF DUE PROCESS
### (Zachary Pugh, Annabella Kozak, Ryan Masciopinto, Christopher Parsons, and Alex Kefaloukos)

25. Plaintiff adopts and re-alleges paragraphs 1 through 24, above, as paragraphs 1 through 24 of Count V, as if fully set forth herein.

26. Defendants, and each of them individually and in conspiracy with one another deprived the Plaintiff of a fair criminal trial by engaging in multiple acts which include but are not limited to submitted false charges as contained in the criminal complaint, false police reports, and otherwise acting to deny Plaintiff a fair trial.

27. The acts described in the preceding paragraph were directed toward Plaintiff, were intentional and material, and therefore in violation of the Plaintiff's due process rights. Therefore, the individual Defendants' conduct are liable to the Plaintiff pursuant to 42 U.S.C. 1983.

28. Each of these individuals conduct was in violation of the Fourth, Fifth, Sixth, and/or Fourteenth Amendments to the United States Constitution and laws thereunder.

29. As result these Defendants are liable to Plaintiff under, but not limited , to 42 U.S.C. 1983.

WHEREFORE, Plaintiff Jolly Walls respectfully prays that this Court enter judgment against Defendant Officers Zachary Pugh, Annabella Kozak, Ryan Masciopinto, Christopher Parsons, and Alex Kefaloukos, awarding compensatory damages, attorney's fees and costs, punitive damages, and any other relief that this Court deems just.

Plaintiff demands trial by jury.

### COUNT VI – 42 U.S.C. 1983- CONSPIRACY
**(Zachary Pugh, Annabella Kozak, Ryan Masciopinto, Christopher Parsons, and Alex Kefaloukos)**

25. Plaintiff adopts and re-alleges paragraphs 1 through 24, above, as paragraphs 1 through 24 of Count VI, as if fully set forth herein.

26. The Defendant Officers were the direct and proximate cause of the violation of the Plaintiff's Constitutional rights, *inter alia* her rights to due process and the Fourth Amendment, Eight Amendment, and Fourteenth Amendment of the United States of America Constitution.

27. The Defendant Officers agreed to falsely arrest the Plaintiff.

28. The Defendant Officers failed to intervene to stop the unlawful arrest.

29. The Defendant Officers agreed not to report each other after witnessing the false arrest.

30. The Defendant Officers agreed not to report each other for falsely arresting Plaintiff.

8

31. The Defendant Officers generated false police reports, false criminal complaints to cover-up for their own and each other's misconduct.

WHEREFORE, Plaintiff Jolly Walls, respectfully prays that this Court enter judgment against Defendant, Officers Zachary Pugh, Annabella Kozak, Ryan Masciopinto, Christopher Parsons and Alex Kefaloukos award compensatory damages, attorney's fees and costs, punitive damages, and any other relief that this Court deems just.

Plaintiff demands trial by jury.

## COUNT VII- STATE LAW BATTERY
### (Zachary Pugh, Annabella Kozak, and Ryan Masciopinto)

25. Plaintiff adopts and re-alleges paragraphs 1 through 24, above, as paragraphs 1 through 24 of Count VII, as if fully set forth herein.

26. Defendant Officers, without legal justification, made unwelcome and offensive contact with Plaintiff.

27. As a direct and proximate result of the offensive physical contact, Plaintiff was injured physically, emotionally, and financially.

28. Defendant Village of Glendale Heights is labile for the acts of Defendant Officers pursuant to the doctrine of respondeat superior since, at the time of the acts described above, said Defendant Officers were employees, agents, and servants of the Village of Glendale Heights

WHEREFORE, Plaintiff Deborah Jolly Walls respectfully prays that this Court enter judgment against Defendant, Officers Zachary Pugh, Annabella Kozak, and Ryan Masciopinto, awarding compensatory damages, attorney's fees and costs, punitive damages, and any other relief that this Court deems just.

Plaintiff demands trial by jury.

## COUNT VIII- STATE LAW FALSE IMPRISONMENT
### (Zachary Pugh, Annabella Kozak, and Ryan Masciopinto)

25. Plaintiff adopts and re-alleges paragraphs 1 through 24, above, as paragraphs 1 through 24 of Count VIII, as if fully set forth herein.

26. Defendant Officers falsely imprisoned Plaintiff without probable cause.

27. Defendant Officers acted with malice.

28. Defendants Officers are liable for false imprisonment because it was proximately caused by their unlawful actions as set forth above.

29. Defendants' false imprisonment of Plaintiff lasted hours.

30. Plaintiff was aware of said false imprisonment.

31. Plaintiff did not consent to said imprisonment.

32. As a result of Defendant's wrongful acts in falsely imprisoning Plaintiff, Plaintiff suffered injuries and damages as set forth above.

33. Defendant Village of Glendale Heights is liable for the acts of Defendant Officers pursuant to the doctrine of respondeat superior since, at the time of the acts described above, said Defendant Officers were employees, agents, and servants of the Village of Glendale Heights.


WHEREFORE, Plaintiff Jolly Walls respectfully prays that this Court enter judgment against Defendant, Officers Zachary Pugh, Annabella Kozak, and Ryan Masciopinto, awarding compensatory damages, attorney's fees and costs, punitive damages, and any other relief that this Court deems just.

Plaintiff demands trial by jury.

10

## COUNT VIII-STATE LAW-MALICIOUS PROSECUTION
**Zachary Pugh, Annabella Kozak, Ryan Masciopinto, Christopher Parsons, and Alex Kefaloukos)**

25. Plaintiff adopts and re-alleges paragraphs 1 through 24, above, as paragraphs 1 through 24 of Count VIII, as if fully set forth herein.

26. Defendant police officers employed by the City of Elmhurst and The Village of Glendale Heights maliciously commenced and caused a criminal prosecution against Plaintiff without probable cause for the institution of these proceedings to continue. As a result, Plaintiff was injured emotionally, financially, and otherwise from the loss of certain constitutionally protected liberties.

27. Defendants instituted, facilitated, and/or continued this malicious prosecution by the creation of false police reports and criminal complaints.

28. The criminal proceedings were terminated in favor of Plaintiff.

29. Defendants Village of Glendale Heights and the City of Elmhurst are liable for the acts of Defendant Officers pursuant to the doctrine of respondeat superior since, at the time of the acts described above, said Defendant Officers were employees, agents, and servants of the Village of Glendale Heights and the City of Elmhurst.

WHEREFORE, Plaintiff Jolly Walls respectfully prays that this Court enter judgment against Defendant Officers Zachary Pugh, Annabella Kozak, Ryan Masciopinto, Christopher Parsons, and Alex Kefaloukos, awarding compensatory damages, attorney's fees and costs, punitive damages, and any other relief that this Court deems just.

Plaintiff demands trial by jury.

## COUNT VIIII – 745 ILCS 10/9-102 – Indemnity
### (The Village of Glendale Heights)

25. Plaintiff adopts and re-alleges paragraphs 1 through 24, above, as paragraphs 1 through 24 of Count VIII, as if fully set forth herein.

26. As a local public entity that employed the Defendants Officers Zachary Pugh, Annabella Kozak, Ryan Masciopinto, and Christopher Parsons the Village of Glendale Heights is required, pursuant to 745 ILCS 10/9-102, to pay any tort judgment or settlement for compensatory damages against Defendant Officers for conduct committed within the scope of their employment activities, and may pay associated attorney's fees and costs.

27. This action is covered by 745 ILCS 10/9-102 to the extent of compensatory damages and attorney's fees and costs.

28. As a proximate result of Defendants Officers' conduct in the course of their employment with the Glendale Heights Police Department, Plaintiff sustained injuries, including physical and emotional pain and suffering.

WHEREFORE, Plaintiff Jolly Walls respectfully prays that this Court enters judgment against Defendant Zachary Pugh, Annabella Kozak, Ryan Masciopinto, and Christopher Parsons and award compensatory damages, attorney's fees and costs, punitive damages, and any other relief that this Court deems just and order the Village of Glendale Heights pay said money judgment.

Plaintiff demands trial by jury.

## COUNT X – 745 ILCS 10/9-102 – Indemnity
### (The City of Elmhurst)

25. Plaintiff adopts and re-alleges paragraphs 1 through 24, above, as paragraphs 1 through 24 of Count VIII, as if fully set forth herein.

26. As a local public entity that employed Defendant Alex Kefaloukos the City of Elmhurst is required, pursuant to 745 ILCS 10/9-102, to pay any tort judgment or settlement for compensatory damages against Defendant Officers for conduct committed within the scope of their employment activities, and may pay associated attorney's fees and costs.

27. This action is covered by 745 ILCS 10/9-102 to the extent of compensatory damages and attorney's fees and costs.

28. As a proximate result of Defendants Officer's conduct in the course of his employment with the Elmhurst Police Department, Plaintiff sustained injuries, including physical and emotional pain and suffering.

WHEREFORE, Plaintiff Jolly Walls respectfully prays that this Court enters judgment against Defendant Alex Kefaloukos and award compensatory damages, attorney's fees and costs, punitive damages, and any other relief that this Court deems just and order the City of Elmhurst pay said money judgment.

Plaintiff demands trial by jury

/s/ Zaid Abdallah

Zaid Abdallah                                                    Counsel for Jolly Walls
Abdallah Law
15127 S. 73rd Ave Suite
Orland Park, Illinois 60462
312-229-0008
zaid@abdallah-law.com

14